UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN BARNHART and ANDREA BARNHART,

                              Plaintiffs,

          v.                                              1:05-CV-642

HOME DEPOT U.S.A., INC. and LOUISVILLE
LADDER, INC.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

THE PROSKIN LAW FIRM, P.C.                       ARNOLD W. PROSKIN, ESQ.
Attorneys for Plaintiffs                         MARC D. GREENWALD, ESQ.
423 Loudon Road
Albany, New York 12211

THORN, GERSHON, TYMANN & BONANNI, L.L.P.         KYLE N. KORDICH, ESQ.
Attorneys for Defendants
5 Wembley Court, New Karner Road
P.O. Box 15054
Albany, New York 12212-5054

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

          Plaintiffs Kevin Barnhart ("Mr. Barnhart") and Andrea Barnhart ("Ms. Barnhart")

(collectively "plaintiffs") bring this action against defendants Home Depot U.S.A., Inc. ("Home

Depot"), a duly organized foreign corporation in the business of home improvement specialty

retail, and Louisville Ladder, Inc. ("Louisville"), a duly organized foreign corporation in the

business of designing, manufacturing, and distributing ladders (collectively "defendants").

This action arises out of an incident whereby Mr. Barnhart sustained personal injuries while using an extension ladder designed and manufactured by Louisville and purchased at a Home Depot store. Specifically, plaintiffs assert <u>nine</u> causes of action: the <u>first</u> and <u>second</u> are negligence claims against Home Depot and Louisville, respectively; the <u>third</u> and <u>fourth</u> are breach of warranty claims against Home Depot and Louisville, respectively; the <u>fifth</u> is a strict products liability design defect claim against Louisville; the <u>sixth</u> is a strict products liability manufacturing defect claim against Louisville; the <u>seventh</u> and <u>eighth</u> are strict products liability failure to warn claims against Home Depot and Louisville, respectively; and the <u>ninth</u> is a claim by Ms. Barnhart for loss of services, consortium, and society.

## II. <u>FACTS</u>

In September 2004, Mr. Barnhart set out to paint his foyer. He purchased supplies at a Home Depot store near his home, including a twenty-four foot aluminum extension ladder ("the subject ladder") designed and manufactured by Louisville. To reach the highest part of the foyer wall, which was located above a staircase between sixteen and eighteen feet above the floor, Mr. Barnhart made a scaffold on which to place the subject ladder. He created the scaffold by placing one end of a two inch by ten inch wooden plank on a rung of a step ladder and the other end on one of the staircase steps, so that the plank was parallel to but several feet above the floor. It is unclear whether Mr. Barnhart made the scaffold to extend his reach or to create a level surface over the staircase. Mr. Barnhart then placed the subject ladder on the plank, leaned it against the foyer wall, and ascended the ladder to paint the wall. Shortly thereafter he heard a "pop," the ladder began to fall, and he jumped off the ladder and fell to the ground. As a result of the fall, Mr. Barnhart sustained a compound tibial

fracture (lower leg), fractured humeral head (shoulder), dislocated shoulder, and other contusions, abrasions, and lacerations.

Plaintiffs rely heavily on the testimony of an expert witness, Ian Glasgow ("Mr. Glasgow"), in establishing their causes of action.  Defendants move to preclude the testimony of Mr. Glasgow pursuant to Rule 702 of the Federal Rules of Evidence ("Rule 702"), and for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("Rule 56(c)").  Plaintiffs oppose.  Oral argument was heard via videoconference on January 3, 2007, in Utica and Albany, New York.  Decision was reserved.

## III.  DISCUSSION

### A.  Motion to Preclude Expert Testimony

Defendants move to preclude the testimony of plaintiffs' expert witness, Mr. Glasgow, on the ground, among others, that his testimony is not the product of reliable principles and methods.

Rule 702 governs the testimony of experts and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993), the United States Supreme Court set forth a number of factors that district courts may consider in determining whether proffered expert scientific testimony meets the reliability

requirements of Rule 702,[1] including (1) "whether [the expert's theory or technique] can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) whether there is a "known or potential rate of error . . . [and/or] standards controlling the technique's operation"; and (4) whether the theory or technique has been generally accepted within the relevant scientific community.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-95, 113 S. Ct. 2786, 2796-97 (1993).  The Court later expanded the Daubert holding to encompass cases where proffered expert testimony relates to "technical, or other specialized knowledge," Fed. R. Evid. 702, as well as scientific knowledge.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171 (1999).

In both Daubert and Kumho Tire, the Court made it abundantly clear that the factors described above do not constitute a "definitive checklist or test," Daubert, 509 U.S. at 593, 113 S. Ct. at 2796, applicable in every case where a party offers expert testimony.  Rather, district courts, as "gatekeepers" of expert testimony, have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire, 526 U.S. at 152, 119 S. Ct. at 1176.  Ultimately, district courts "should consider the specific factors identified in Daubert where they are reasonable measures of the reliability of expert testimony."  Id.

In this case, Mr. Glasgow has concluded that the extension ladder was defectively designed and that its defective condition was the cause of Mr. Barnhart's injuries.

---

[1] Congress amended Rule 702 in 2000 to include the language requiring sufficient facts or data, reliable principles and methods, and reliable application of those principles and methods to the facts or data.  This amendment did not detract from the authority of Daubert or subsequent related cases; it simply further defined the reliability standard already inherent in Rule 702.

Specifically, he asserts that the manner in which the ladder's feet are connected to its rails is defective because the application of a certain amount lateral force will cause the feet to bend which, in turn, will make the ladder unstable. His conclusions are based on his conversations with plaintiffs, physical examination of the subject ladder, and "quick calculations" (Glasgow Dep. 116) involving hypothetical figures. Mr. Glasgow observed that the subject ladder's feet and rails were bent. However, he admitted during deposition that he does not know the amount of lateral force necessary to cause the ladder's feet to bend, nor that which acted on the feet at the time of the accident. Nor does he, or anyone else for that matter, know if the feet and rails were bent prior to or as a result of the accident. Also, he admitted that he does not know the angle at which the subject ladder stood with respect to the foyer wall or the scaffold at the time of the accident.

Moreover, Mr. Glasgow did not attempt to reconstruct the accident or perform any physical tests on an exemplar ladder to confirm his theory that the ladder's feet "bend laterally too easily." (Glasgow Dep. 117.) Mr. Glasgow's omissions in this regard are especially troubling in light of the unique circumstances surrounding the accident in this case. As described above, Mr. Barnhart created a scaffold by placing a two inch by ten inch wooden plank across a step ladder and a staircase. He then placed the extension ladder on top of the plank, leaned it against the foyer wall, and ascended it before falling to the ground and injuring himself. While an expert's failure to reconstruct an accident or conduct testing does not necessarily mean that his principles and methods were unreliable, in this case it does. There was nothing preventing Mr. Glasgow from reconstructing the almost bizarre configuration at the time of the accident using an exemplar ladder. At the very least, he could have conducted tests to determine the amount, duration, and type of force necessary

to cause the subject ladder's feet and rails to bend as they did and then compare this data to the actual accident conditions.  As a result, his opinion is not based upon sufficient facts or data and is not reliable.

Therefore, defendants' motion to preclude Mr. Glasgow's testimony on the ground that it is not the product of reliable principles and methods will be granted.

### B.  Motion for Summary Judgment

Defendants also move for summary judgment.  Mr. Glasgow's testimony, which will be precluded, is essential and vital to all of plaintiffs' causes of action.  In fact, without the expert testimony and opinion, plaintiffs will be unable to make a prima facie case against either defendant.  Therefore, defendants' motion for summary judgment will be granted and plaintiffs' complaint will be dismissed.

## IV. CONCLUSION

For the reasons discussed above, defendants' motions to preclude the testimony of plaintiffs' expert witness will be granted because it does not meet the reliability standards set forth in Rule 702.  Moreover, defendants' motion for summary judgment will be granted and plaintiffs' causes of action dismissed because without the expert testimony plaintiffs cannot make out any of the claims which they assert.

Accordingly, it is

ORDERED that:

1.  Defendants' motion to preclude the testimony of plaintiffs' expert witness, Ian Glasgow, is GRANTED;

2.  Defendants' motion for summary judgment is GRANTED; and

3.  The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  March 30, 2007
        Utica, New York.